FREDERICK LEON DOTSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dotson v. Commissioner
Docket Nos. 6715-88, 19988-88
United States Tax Court
T.C. Memo 1990-512; 1990 Tax Ct. Memo LEXIS 565; 60 T.C.M. (CCH) 892; T.C.M. (RIA) 90512; September 25, 1990, Filed Appropriate orders and decision will be entered. Frederick Leon Dotson, pro se. John F. Driscoll, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION These cases are before the Court on respondent's motion to hold petitioner in default pursuant to Rule 123(a). [1]
*566 Pursuant to the notices of deficiency issued to petitioner, respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Section
Section
Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1982
$ 113,022.85
$ 56,511.43
50% of interest
$ 28,255.71
due on
$ 113,022.85
1983
28,487.59
14,243.80
50% of interest
7,121.90
due on
$ 28,487.59
Petitioner presently is, and was at the time he filed his petitions in these cases, incarcerated at the Federal Correctional Center in Memphis, Tennessee, for his felony conviction under section 7201 for income tax evasion in 1982 and 1983. Petitioner's trial in the instant cases was set for April 23, 1990, in Mobile, Alabama. Respondent sent petitioner a letter, dated March 16, 1990, explaining the Court's requirement under Rule 91(a) that the parties stipulate to the fullest extent possible, all issues of fact and law upon which the parties could fairly agree, as well as the Court's general requirement that the parties timely exchange evidence and memoranda. In his letter, respondent emphasized that "a failure by either side to *567 follow Court rules or otherwise cooperate in good faith in the pretrial development of the case may lea[d] to the dismissal of the case against such noncooperating party." See Rule 91(f). Respondent included with his letter a Joint Motion to Consolidate petitioner's cases and a proposed Stipulation of Facts. Petitioner did not respond to either document, and failed to send respondent the required trial memorandum and evidentiary documents. Approximately three weeks before the scheduled trial, respondent telephoned petitioner at the Federal correctional center and again thoroughly informed him of the Court's trial preparation requirements, as well as a procedure he could follow in order to obtain permission to leave the Federal correctional center and be taken by U.S. Marshals to his trial in Mobile, Alabama. After initial difficulties, respondent was able to conduct extensive negotiations over the telephone with petitioner. After concessions were made by both parties, respondent felt that petitioner's cases were settled. Accordingly, respondent drafted and sent petitioner a revised Stipulation of Facts and appropriate settlement documents for petitioner to sign, as well as *568 a revised computation of petitioner's tax deficiencies and additions to tax, reflecting respondent's concessions to substantial reductions in respondent's original determinations contained in the notices of deficiency. Petitioner, however, refused to sign the revised Stipulation of Facts and settlement documents as he had orally agreed, and when respondent did not receive the signed documents, he telephoned petitioner again. Petitioner indicated that he was dissatisfied with the reduced deficiencies and additions to tax set forth on the settlement documents and that he had renewed concerns about other issues that respondent thought they had resolved. Since it appeared that petitioner's cases would not be settled, respondent sent petitioner, for his convenience, a draft of a motion for writ of habeas corpus ad testificandum that petitioner could have timely filed to obtain permission to leave the Federal correctional center in Memphis to attend his trial in Mobile, Alabama. The Court received petitioner's motion for writ of habeas corpus on April 19, 1990, four days before petitioner's scheduled trial date. The writ requested that petitioner be allowed to leave the correctional *569 center on April 20, 1990, the very next day. Because petitioner had left insufficient time for the Court to arrange for petitioner's custodial transport by the U.S. Marshal's Service, and because petitioner failed to explain how his transportation costs would be paid, the Court denied petitioner's writ. Petitioner's case was called for trial at 10:00 a.m., on April 23, 1990, in Mobile, Alabama. Since neither petitioner, nor a representative, appeared at trial, the Court directed respondent to immediately telephone petitioner to determine his willingness and ability to pay his transportation costs should the Court reconsider his writ of habeas corpus and reschedule his trial. Petitioner's case was set for recall at 2:00 p.m. that afternoon. Pursuant to the Court's instructions, respondent telephoned the appropriate representative at the Federal correctional center in Memphis and arranged to speak with petitioner on an expedited basis. Respondent represented to the Court that during the conversation he emphasized that the Court had requested the call be made and that petitioner's case was set for recall that afternoon. The prison representative told respondent that he would locate *570 petitioner, give him the message, and make a telephone available for petitioner's immediate use. A couple of hours later, the prison representative telephoned respondent and confirmed that he had relayed respondent's message to petitioner and made a telephone available for petitioner's immediate use. However, shortly thereafter, the prison official told respondent that petitioner was not using the telephone and, after inquiring, stated that petitioner had "gone to lunch." To date, petitioner has not returned respondent's phone call, nor contacted the Court. When petitioner's case was recalled at 2:00 p.m., respondent moved that we hold petitioner in default under Rule 123(a) and enter a decision against him for deficiencies in, and additions to, tax, including additions to tax for fraud under section 6653(b). The following figures, asserted in respondent's motion to hold petition in default, reflect respondent's concessions to substantial reductions in respondent's original determinations contained in the notices of deficiency: Section
Section
Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1982
$ 24,222.45
$ 12,111.23
50% of interest
$ 6,055.61
due on
$ 24,222.45
1983
17,661.87
8,830.93
50% of interest
3,871   due on
$ 15,483.37
*571 Rule 123(a) provides, in pertinent part, as follows: Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, * * * The action or nonaction on the part of a taxpayer constituting sufficient ground to apply Rule 123(a) in proceedings before us is a matter for us to determine in our discretion. . From the facts before us, we find that this is not a situation in which petitioner intended in good faith to proceed with his case, but was kept from doing so merely because he was incarcerated. Rather, petitioner was given a series of meaningful opportunities to proceed with his case, both before and after the calendar call, but failed to pursue any of them satisfactorily. First, petitioner failed to cooperate with respondent in complying with the Court's pretrial requirement under Rule 91(a) that *572 parties stipulate to as many issues of fact and law as possible, and that they exchange evidence and memoranda. Then, following extensive settlement negotiations with respondent, petitioner had the option of signing the settlement documents as he had agreed, thereby greatly reducing his 1982 and 1983 tax deficiencies and additions to tax; petitioner could have made timely arrangements for his leave from prison and transport to Mobile for the trial, or informed the Court or respondent of his problems in doing so, in time for alternative transportation plans to be made; petitioner could have sent someone to represent him at trial; and finally, when informed of the possibility that the Court would reconsider his writ of habeas corpus and reschedule his trial, petitioner could have immediately returned respondent's court-directed telephone call or, at the very least, have contacted respondent or the Court within a reasonable period of time to explain his situation and his desire to attend a rescheduled trial calendar. Petitioner, however, made no attempt to pursue any of the options available to him, and despite the attempts to contact him, neither respondent, nor this Court, has heard *573 from petitioner since prior to the trial calendar on April 23, 1990. Based on all the circumstances, we are persuaded that petitioner's last minute refusal to sign the settlement documents that he had agreed to sign, was not motivated by a desire to have his "day in court" to argue his case on its merits; rather, his refusal to cooperate was primarily motivated by his desire and belief that he would get a "day out of prison" to go on a joy ride to Mobile at the expense of the fisc. When petitioner realized that the cost of such an excursion would not be shouldered by this Court or respondent, and that he would have to devise the ways and means to pay for his transport to Mobile, he willfully and completely abandoned his case. In sum, it is clear to us that petitioner "has failed to plead or otherwise proceed." Rule 123(a). Petitioner failed to participate in the preparation of his case for trial; he failed to comply with the requirements of Rule 91(a) [2] with regard to the preparation of a Stipulation of Facts, in spite of a warning that his case could be dismissed for noncompliance; he failed to appear at the trial of which he was given sufficient time to arrange his release *574 from prison and transportation to the trial; and finally, when given a second chance, he failed to communicate with the Court. Accordingly, respondent's motion to hold petitioner in default will be granted pursuant to Rule 123(a), and a decision will be entered against him for the deficiencies in, and additions to, tax as recomputed and requested by respondent. We observe that respondent bears the burden of proving a taxpayer's liability for additions to tax for fraud under section 6653(b) by "clear and convincing evidence." Sec. 7454(a); Rule 142(b). See . However, it is well established that respondent *575 may satisfy his burden of proving liability for the addition to tax for fraud in a variety of ways, including the use of deemed admissions, [3] *576 as a consequence of imposed sanctions, [4] and by a clear indication on the part of the taxpayer that he no longer will contest the fraud issue. [5] Moreover, in , we stated that "Because the effect of a default is to establish the well-pleaded facts of the nondefaulting party, the establishment of such facts [alleging additions to tax for fraud] through a default is no different than establishing such facts through deemed admissions." In that case, we held that as long as the Commissioner's pleadings "allege specific facts sufficient to sustain a finding of fraud" he may be "entitled to a [default] decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." . In this case, respondent's answer specifically alleged that petitioner is collaterally estopped by his tax evasion convictions under section 7201 from denying that part of his underpayment for the years 1982 and 1983 was due to fraud under section 6653(b). , affd. . Although respondent's allegations were not formally deemed to be admitted by petitioner, we note that petitioner did not object to them with particularity in his reply, and that he is, in fact, presently incarcerated for his tax evasion convictions for the years 1982 and 1983. Accordingly, our decision against petitioner *577 includes his liability for the additions to tax for fraud pursuant to section 6653(b). . Based on the foregoing, Appropriate orders and decisions will be entered. Footnotes
1. Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure and section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. See , in which the Court of Appeals affirmed the Tax Court's dismissal of a taxpayer's case under Rule 123(a) because he had failed to execute a meaningful stipulation as required by Rule 91(a), even though no motion to compel stipulations had been filed under Rule 91(f).↩
3. See ; ; .↩
4. See , affd. on another issue ; , affd. in an unpublished opinion .↩
5. See, e.g., ; .↩